GlaserWeil

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRITISH BROADCASTING CORPORATION, a foreign corporation, BBC WORLDWIDE, LTD., a foreign limited company, and DWTS PRODUCTIONS, LLC *fka* BBC Worldwide Productions LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT STANDER, THE STANDER GROUP, INC., a California corporation, and SCOTT STANDER & ASSOCIATES, INC., a California corporation,<br><br>Defendants. | CASE NO.: 2:16-cv-01935-FMO-E<br><br>Hon. Charles F. Eick<br><br>~~[PROPOSED]~~ **PROTECTIVE ORDER** |

[PROPOSED] PROTECTIVE ORDER

1311124

# GOOD CAUSE STATEMENT

Disclosure and discovery activity in this action are likely to involve production of trade secrets or other confidential research, development, commercial, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation is warranted. The parties believe that good cause exists for the entry of this Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure because Protected Information (as defined below) constitutes trade secret or other confidential or proprietary information, the disclosure of which is likely to have the effect of harming the competitive position of the Designating Party (as defined below) or violating an obligation of confidentiality owed to a third party.

Protected Information designated under the terms of this Order shall be used by a Receiving Party (as defined below) solely for this litigation and shall not be used directly or indirectly for any other purpose whatsoever, and its disclosure is prohibited except as expressly provided in this Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery. Designations of confidentiality shall be made with care and shall not be made absent a good faith belief that the Protected Information satisfies the criteria set forth below for each category.

## I. DEFINITIONS

The following definitions apply in this protective order:

A. "Designating Party" means any Person who designates material as Protected Information.

B. "Receiving Party" means any Person who receives Protected Information.

C. "Party" means every party to this action and every director, officer, employee, and managing agent of every party to this action.

D. "Non-Party" means every person or entity not a Party to this action that provides information, either testimonial or documentary, for use in this

litigation through discovery or otherwise.

E. "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity, whether a Party or Non-Party.

F. The designation "CONFIDENTIAL" may be applied by any Person to the following types of information:

    1. Confidential or proprietary information that is not otherwise known or available to the public and is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

G. The designation "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be applied by any Person to the following types of information:

    1. Trade secrets as defined under California Civil Code § 3426.1;

    2. Financial information including but not limited to accounting records, revenues, costs, profits, confidential pricing, and overhead;

    3. Information relating to a party's suppliers, distributors, or present or prospective customers including but not limited to names, addresses, phone numbers, and email addresses;

    4. Business strategy including but not limited to future business plans;

    5. Information of an extremely high degree of current commercial sensitivity and/or would provide a competitive advantage to its competitors if disclosed.

H. "Protected Information" refers to all information which is subject to the designation "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as described above.

I. "Order" means this Protective Order.

## II. TERMS OF THE PROTECTIVE ORDER

### A. Materials Subject To Designation

All depositions, originals and copies of transcripts of depositions, exhibits,

answers to interrogatories, responses to requests for admissions, responses to requests for production of documents, and all documents, materials, tangible things, and information obtained by inspection of files or facilities, disclosure statements, or by production of documents or by identification of documents previously gathered may be designated by any Person producing said material as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with the definitions set forth above.

### B. Persons Having Access To "CONFIDENTIAL" Information

Material designated as "CONFIDENTIAL" and all information derived therefrom (excluding such information derived lawfully from an independent source) shall not be disclosed by the Receiving Party in any way to any Person or entity other than to the following:

1. Counsel of record for a Party and such counsel's staff who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, clerical staff and in-house copy service;

2. Any outside photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation;

3. Any translation vendor personnel who translated or assisted in the translation of documents or testimony in this litigation;

4. Any court or deposition reporters transcribing testimony in the case and their staff;

5. The Parties to this action, and any current officers, directors and employees of the respective Parties who have a need to review the "CONFIDENTIAL" Designated Material for the purpose of assisting in connection with this litigation, subject to the limitations set forth herein;

6. Any Person who is identified on the face of any such "CONFIDENTIAL" Designated Material as an author or recipient thereof;

7. Any Person who is determined to have been an author and/or previous

recipient of "CONFIDENTIAL" Designated Material, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the "CONFIDENTIAL" Designated Material by such Person;

8. Non-Party experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in Paragraph II.E below;

9. Any Person who the Parties agree in writing may receive "CONFIDENTIAL" Designated Material, in accordance with the procedures set forth in Paragraphs II.D and II.F below; and

10. The Court and any personnel employed by the Court whose duties require access to "CONFIDENTIAL" Designated Material, subject to the requirements in Section Paragraph II.M below.

C. **Persons Having Access To "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information**

Material designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and all information derived therefrom (excluding such information derived lawfully from an independent source) shall not be disclosed by the Receiving Party in any way to any Person or entity other than to the following:

1. Counsel of record for a Party and such counsel's staff who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, clerical staff and in-house copy service, as well as in-house counsel directly responsible for this litigation;

2. Any outside photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation;

3. Any translation vendor personnel who translated or assisted in the translation of documents or testimony in this litigation;

4. Any court or deposition reporters transcribing testimony in the case and

1311124

their staff;

5. Any Person who is identified on the face of any such "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Designated Material as an author or recipient thereof;

6. Any Person who is determined to have been an author and/or previous recipient of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Designated Material, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Designated Material by such Person;

7. Non-Party experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in Paragraph II.E below;

8. Any Person who the Parties agree in writing may receive "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Designated Material, in accordance with the procedures set forth in Paragraphs II.D and II.F below; and

9. The Court and any personnel employed by the Court whose duties require access to "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Designated Material, subject to the requirements in Section Paragraph II.M below.

D. **Execution Of Non-Disclosure Agreement Prior To Gaining Access To Protected Information**

Before disclosure of Protected Information is made to any Person or entity identified in Paragraphs II.B.9 or II.C.8 above, the Person to whom such Protected Information is to be disclosed shall execute and deliver to the attorney of record making the disclosure the Non-Disclosure Agreement attached hereto as Exhibit A. The attorney of record shall maintain the record of such executed Agreement until sixty (60) days following the final disposition of this matter. The recipients of all Protected Information shall use such Protected Information only for the purpose of

5

this litigation, and shall not directly or indirectly use such Protected Information for any business, financial, promotional, or any other purpose.

E. **Execution Of Non-Disclosure Agreement Prior To Disclosure Of Protected Information To Experts**

Documents designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be shown to any Non-Party expert or consultant, together with his or her secretarial, technical and clerical staff who are actively assisting in the preparation of this litigation. Before disclosure to any such Non-Party expert or consultant, the Person to whom such information is to be disclosed shall execute the Non-Disclosure Agreement attached hereto as Exhibit A. The attorney of record making the disclosure shall maintain the record of such executed Agreement until sixty (60) days following the final disposition of this matter. The foregoing notwithstanding, any such Non-Party expert or consultant who is an employee of a competitor of any of the Parties (other than one of the Parties) shall not be shown or otherwise given access to documents or information designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Any expert or consultant who is an employee of any of the Parties shall not be shown or otherwise give access to documents or information designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

F. **Requests For Additional Disclosure**

If any counsel of record desires to disclose any information designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to any Person other than those specifically permitted by the terms of this Order to have access to such information, that counsel shall, at least five (5) court days before the date of the proposed disclosure, first request the written consent of the Designating Party through such Party's counsel of record. Such request shall specifically identify the Protected Information, including Bates label if applicable, sought to be disclosed, and the name, title and function of the Person to whom

disclosure is desired to be made. The Designating Party shall thereafter respond to the request in writing within five (5) court days after receipt of same. A failure to respond to the request in writing within such time shall constitute consent to the request. If, where consent has been withheld, the Parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the Party seeking disclosure. Disclosure shall be postponed until a ruling has been obtained from the Court.

### G. Challenges To The Propriety Of A "CONFIDENTIAL" Or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Designation

A Party shall not be obligated to challenge or object to a confidentiality designation, either with respect to a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation, at the time made and a failure to do so shall not preclude or act as a waiver of the right to assert a subsequent challenge or objection. Any Party may at any time challenge the designation of any Protected Information under this Order pursuant to this Paragraph by serving (which may be by email) a written request upon counsel for the Designating Party and by providing telephonic notice of such request on the same date as the written request. Such request shall specifically identify the Protected Information whose confidentiality designation is being challenged, including Bates label if applicable. The Designating Party shall thereafter respond to the request in writing within five (5) court days after receipt of same. A failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the Designating Party and challenging Party are subsequently unable to agree on the terms and conditions of the designation of materials, the matter may be submitted to the Court for resolution by the Challenging Party. Disclosure shall be postponed until a ruling has been obtained from the Court. Any discovery disputes concerning the designation of materials or disclosure of documents or information under this Order

1  shall be brought in compliance with Local Rule 37.

   **H.   Modification Of Protective Order And Burden Of Proof**

The Parties by written stipulation may provide for exceptions to this Order and any Party may seek an order of this Court modifying this Order. In the event that a dispute arises between the Parties regarding modification this Order, the Parties shall try first to resolve such dispute in good faith on an informal basis. If such dispute cannot be resolved informally, the Party seeking to modify the Order may seek appropriate relief from this Court. Any dispute concerning modification of this Order shall be brought in compliance with Local Rule 37. The Party asserting that such modification is necessary shall have the burden of establishing the same.

   **I.   Manner Of Designating Documents And Other Material**

   1.   **Paper Media.** Paper documents produced by a Party may be designated as Protected Information by marking every page with either: "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

   2.   **Non-Paper Media.** Where Protected Information is produced in a non-paper media (e.g. video tape, audio tape, computer disks), the appropriate confidentiality designation as described in Section II.I.1. above should be placed on the media, if possible, and its container, if any, so as to clearly give notice of the designation. To the extent that any Receiving Party prints any of the Protected Information contained in the non-paper media, such printouts will be marked as described in Section II.I.1. above by the Receiving Party.

   3.   **Physical Exhibits.** The confidentiality designation of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality designation as described in Section II.I.1. above.

   4.   **Original Files.** In the case of original files and records produced for inspection, the Designating Party in advance of inspection need make no marking. For the purposes of inspection, all documents produced shall be considered as marked "CONFIDENTIAL." Thereafter, upon selection of specified documents for copying

by the inspecting Party, the Designating Party shall, at the time the copies are produced to the inspecting Party, mark as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" the copies of such documents that contain Protected Information.

5. <u>Written Discovery Responses</u>. In the case of Protected Information incorporated into answers to interrogatories or responses to requests for admission or production of documents, the appropriate confidentiality designation described in Section II.I.1. above shall be placed on the first page of the document and on each answer or response that contains Protected Information.

### J. Use Of Protected Information At Depositions

1. Those portions of depositions taken by any Party at which any "CONFIDENTIAL" designated material is used or inquired into may not be conducted in the presence of any Person(s) other than (a) the deposition witness; (b) his or her counsel; and (c) Persons authorized under Section II.B. of this Order to view such "CONFIDENTIAL" material. During those portions of depositions at which "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designated material is used or discussed, only those persons authorized under Section II.C. of this Order may be present.

2. Counsel for any deponent may designate testimony or exhibits as Protected Information by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Counsel for any Party may designate exhibits in which that Party has a cognizable interest as Protected Information by indicating on the record at the deposition that such exhibit(s) are to be treated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Failure of counsel to designate testimony or exhibits as Protected Information at the deposition, however, shall not constitute a waiver of the protected status of the testimony or exhibits.

1. Within thirty (30) calendar days of receipt of the transcript of the deposition, counsel shall be entitled to designate specific testimony or exhibits as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If counsel for the deponent or Party fails to designate the transcript or exhibits as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" within the above-described thirty (30) day period, any other Party shall be entitled to treat the transcript or exhibits as non-confidential material.

3. When Material disclosed during a deposition is designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript in accordance with Section II.I.1. above, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents. The reporter shall not file or lodge with the Court any Protected Information without obtaining written consent from the Designating Party. For convenience, if a deposition transcript or exhibit contains repeated references to Protected Information which cannot conveniently be segregated from non-confidential material, any Party may request that the entire transcript or exhibit be maintained by the reporter as Protected Information.

**K. Inadvertent Production Of Privileged Information**

The inadvertent production of documents or information to the Receiving Party shall not constitute a waiver of the attorney-client privilege or work product immunity with respect to any document or information so furnished, if within ten (10) days after discovering the inadvertent disclosure, the Designating Party designates any such document or information as within either the attorney-client privilege or work product immunity and requests return of any such document or information to the Designating Party. Upon request by the Designating Party for return of any such document or information designated as within either the attorney-client privilege or work product

10
[PROPOSED] PROTECTIVE ORDER

1311124

immunity, the Receiving Party shall immediately return to the Designating Party or confirm destruction to the Designating Party of all copies of such documents and all documents containing or referring to such information. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity designation by filing an appropriate motion with the Court. If such a motion is filed, the Designating Party shall make the documents and/or information available for in-camera inspection by the court. The moving Party shall not assert that such inadvertent production is a basis for finding a waiver of attorney-client privilege or work product immunity.

### L. Filing Documents With The Court

Except for trial, all information designated as Protected Information sought to be filed or lodged with the Court, including the Magistrate Judge in a discovery-related proceeding, or any pleading or memorandum purporting to reproduce or paraphrase such Protected Information, shall be filed or lodged in accordance with Local Rule 79-5.1 and the orders and procedures of the Judge and Magistrate Judge on this case, along with an application to the Court or, where applicable, a stipulation, requesting such Protected Information be filed under seal. Such Protected Information shall be labeled as follows: "This Document is Subject to a Protective Order Issued by the Court and May Not Be Examined or Copied Except in Compliance with that Order." In the event that the Court denies an application or stipulation to file under seal on the merits thereof because the Court has determined that the subject information, in whole or in part, is not entitled to confidential treatment, the subject information, as re-designated in whole or in part, shall no longer be entitled to any confidential treatment and need not be filed under seal but may be filed and used in like manner as any document that is not subject to a confidential designation.

### M. No Effect On Party's Own Use

Nothing contained in this Order shall affect the right of a Party to disclose to its officers, directors, employees, partners, or consultants or to use as it desires any

1311124

Protected Information designated and produced by it as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

### N. No Effect On Rendering Legal Advice

Nothing in this Order shall bar or otherwise prevent any attorney herein from rendering advice to his or her client with respect to this litigation, and in the course thereof, from relying upon his or her examination or knowledge of Protected Information; provided, however, that in rendering such advice and in otherwise communicating with his or her client, such attorney shall not disclose the contents of any Protected Information produced by another Party herein to any Person who is not authorized to receive such information under the provisions of this Order.

### O. No Effect On Disclosure To Author Or Addressees

Nothing contained in this Order shall affect the right of a party to disclose any Protected Information designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to the author or addressees of the document.

### P. Final Disposition Of Action

Within sixty (60) calendar days after the final settlement or disposition of this action and exhaustion of all appellate rights by all Parties, each counsel of record for a Receiving Party shall promptly return or destroy (at the expense of the Receiving Party) all Protected Information which has been provided by a Designating Party and all copies made thereof, except to the extent that any of the foregoing includes or reflects Receiving Party's work product, and except to the extent that such Protected Information has been filed with the Court in which proceedings related to this action are being conducted. Notwithstanding the foregoing, each counsel of record shall be permitted to retain one copy of all pleadings submitted to the Court, deposition transcripts and exhibits thereto, and attorney notes, irrespective of whether they contain Protected Information, but such attorney shall not disclose such material without further Order of this Court.

**Q. Effect On Discovery**

This Order shall not preclude or limit the right of any Party to oppose discovery on any ground which would otherwise be available.

**R. Survival Of Terms**

Absent written modification of this Order by the Parties or further order of the Court, the provisions of this Order that restrict the disclosure and use of Protected Information shall survive the final disposition of this action and continue to be binding on all persons subject to the terms of this Order.

**S. Other Scope Of This Order**

1. Except for the provisions regarding post-trial or post-settlement return and destruction of Protected Information, or segregation of work product which embodies Protected Information, this Order is strictly a pretrial order; it does not govern the trial in this action.

2. Not later than seven (7) days before trial in the action, counsel agree to meet and confer concerning the use at trial of Protected Information.

3. Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Protected Information claimed to be protected work product or privileged under California or federal law, Protected Information as to which the Designating Party claims a legal obligation not to disclose, or Protected Information not required to be provided pursuant to California law; (b) to seek to modify or obtain relief from any aspect of this Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Protected Information, whether or not designated in whole or in part as Protected Information governed by this Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

4. Designation of material as Protected Information on the face of such material shall have no effect on the authenticity or admissibility of such material at

13
[PROPOSED] PROTECTIVE ORDER

1311124

trial.

5.  This Order shall not affect any contractual, statutory, or other legal obligation or the rights of any Party or Person with respect to Protected Information designated by that Party.

6.  If at any time any material protected by this Order is subpoenaed from a Receiving Party by any Court, administrative or legislative body, or is requested by any other Person or entity purporting to have authority to require the production of such material, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Designating Party with respect to the Protected Information sought and shall afford the Designating Party reasonable opportunity to pursue formal objections to such disclosures. If the Designating Party does not prevail on its objections to such disclosure, the Receiving Party may produce the Protected Information without violating this Order.

7.  A Non-Party producing information voluntarily or pursuant to a subpoena or a court order may designate such information as Protected Information pursuant to the terms of this Order. A Non-Party's use of this Order to protect its Protected Information does not entitle that Non-Party access to the Protected Information produced by any Party in this case. Any Party may designate documents or information produced by a Non-Party as Protected Information pursuant to the terms of this Order.

**IT IS SO ORDERED.**

DATED: 3/6/17

By: _/s/ Charles F. Eick_
Honorable Charles F. Eick
Magistrate Judge of the United States District Court

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____, hereby certify under oath that:

1. I am currently employed by _____, and my position with them is _____;

2. I have read and I understand the terms of the Stipulated Protective Order ("Order") entered in the matter of *British Broadcasting Corporation, et al. v. Scott Stander, et al.*, filed in the United States District Court, Central District of California, Case No. CV 16-01935-FMO-E. I understand that I am obligated not to disclose to anyone the contents of any Protected Information received under the protection of the Order, and that I am to be bound by the terms and conditions of the Order.

3. I understand that I am to retain all copies of the materials that I receive which have been designated as Protected Information in a safe place in a manner consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the Order. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

4. I agree that with the exception of my work on this litigation, I will not consult, advise, or otherwise obtain employment with any competitor of any Designating Party from which I have received or been provided access to Protected Information in the subject areas of the products or businesses at issue in this litigation without the consent of the Designating Party, which consent shall not be unreasonably withheld. This obligation expires upon final resolution of this litigation, which may include any timely appeal.

1311124

Executed on this day _____of _____, 20\_\_ under penalties of perjury under the laws of the United States of America and the State of California.

Signed: _____

Printed Name: _____